IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JESSICA J. PARRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-0006-DGK-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Jessica J. Parra ("Parra") seeks judicial review of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and application for supplemental security income (SSI) based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

Parra contends she is entitled to benefits because she is unable to work because of mental illnesses, pseudoseizures, and migraine headaches. After independent review of the record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for disability insurance benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

Plaintiff, a twenty-two year-old woman with a high school education and past work experience as a fast food worker, filed her application for disability benefits on February 15, 2008, alleging she became disabled on April 27, 2006. In her disability report, she alleged disability due to depression, bipolar disorder, epilepsy, anxiety, seizures, and a personality disorder. In the course of her appeal, she has added attention deficit disorder, conversion and pseudoseizures, and migraine headaches.

After reviewing the record and conducting a hearing, the ALJ found Plaintiff was not disabled. Plaintiff contends (1) the ALJ erred in finding that her mental impairments were not severe; (2) the ALJ erred in giving weight to the non-physician state medical consultant's opinion that there were no physical limitations in her residual functional capacity ("RFC"); and (3) the ALJ's credibility assessment is not supported by substantial evidence on the record. The Court finds no merit to these arguments.

**A.   Substantial evidence supports the ALJ's determination that not all of Plaintiff's mental impairments were severe impairments.**

Plaintiff argues that the ALJ erred in concluding that her mental impairments[2] were not severe. An impairment is "non-severe" if it has no more than a minimal impact on an individual's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1521(a). "Basic work activities" include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling, and mental capacities for understanding, carrying out, and remembering simple instructions, using judgment, responding appropriately to supervision, co-workers, and usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b)(1)-(6). Slight abnormalities that do not *significantly* limit a

---

[2] Unfortunately, it is unclear from Plaintiff's brief which specific mental impairments she is claiming the ALJ should have found were severe impairments.

basic work activity are considered "not severe." *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989) (quoting *Brown v. Bowen*, 827 F.2d 311, 312 (8th Cir. 1987)) (emphasis added). The mere presence of a mental impairment does not automatically indicate a severe disability. *Trenary v. Bown*, 898 F.2d 1361, 1364 (8th Cir. 1990). "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard." *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

Here the record supports the ALJ's determination that Plaintiff did not meet this burden. At the outset, the Court agrees with the Commissioner's observation that,

> Much of Plaintiff's argument is merely a disagreement with the ALJ's evaluation of the evidence. Although Plaintiff states that the Court should weigh the evidence differently than the ALJ did, the Court may not do so. It is not the role of this Court to reweigh the evidence presented to the ALJ or to try the issues de novo. *Howe v. Astrue*, 499 F.3d 835, 839 (8th Cir. 2007). "If substantial evidence supports the ALJ's decision, [the court] will not reverse it merely because substantial evidence would have supported a contrary outcome or because [the court] might have decided the case differently in the first instance." *Id.*

Def.'s Br. at 18. Although there is some evidence that might support a different conclusion here, substantial evidence supports the Commissioner's decision.

With respect to Plaintiff's complaint that her impairments must be severe because she received inpatient psychiatric treatment for two weeks in 2006, the ALJ did not err because the record indicates that Plaintiff's symptoms responded "very well" to treatment and medication, and her treating providers reported that her symptoms were controlled. R. at 447, 464, 487, 489, 492-93, 496, 609-10, 622, 625-26. Plaintiff herself reported that her mental impairments caused significant symptoms "only when [she] forgot to take her medication." R. at 352. An impairment that can be controlled by treatment or medication is not considered disabling. *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010).

4

The record also supports the ALJ's finding that Plaintiff had only mild impairment in her activities of daily living, social functioning, and ability to maintain concentration, persistence, and pace, and that she had no continuing episodes of decompensation after her disability onset date. Plaintiff performed all of the substantial activities of daily living. Her counselor, Marc Dipoto, and her sister, Christina Parra, indicated she was capable of caring for herself. R. at 117, 640. A reviewing physician, Dr. Richard Pentecost, M.D., concluded that Plaintiff had no more than mild limitations in her ability to perform activities of daily living. R. at 420. Her treating psychiatrist, Dr. Spurlock, and Mr. Dipoto both opined on numerous occasions that Plaintiff had no deficits in attention and concentration, and that she had normal intellect and memory. R at 352, 354, 356, 358, 360, 362, 371, 375, 430, 484, 490, 493, 496, 613, 618, 622, 625, 627. Indeed, Plaintiff was able to sustain sufficient concentration to do "pretty well in [her] classes" and complete her GED. R. at 360, 362, 493, 618, 622, 633, 637, 648-49. She also testified that she planned to attend college the following month to become a radiologist. R. at 46-47.

With regard to social functioning, Plaintiff stated that she was able to socialize more frequently with friends and family while receiving treatment and medication. R at 362, 489-90, 643-44. She babysat, went to movies with friends, and visited daily with friends and family members. R. at 51, 122, 161, 356, 375, 430. While Dr. Spurlock observed that Plaintiff had "some difficulty" with social functioning on three occasions, overall he believed Plaintiff "function[ed] pretty well" and was able to maintain "meaningful interpersonal relationships." R. at 354, 356, 358, 375, 430, 496, 627.

Finally, Plaintiff's medical records show no episodes of decompensation due to her alleged mental disorders after her initial hospitalization. Dr. Spurlock noted that her mental impairments "had not been a significant issue" after her alleged disability onset date. R. at 387.

Plaintiff also argues that the ALJ erred in failing to describe her seizure disorder as a separate, distinct impairment. However, Dr. Spurlock and Dr. Clinefelter opined that Plaintiff's seizures were actually "pseudoseizures" that resulted from her anxiety disorder and stress. R. at 335, 354, 465, 627, 636. Although Plaintiff argues that the ALJ misunderstood her seizure disorder, the ALJ analyzed the evidence regarding Plaintiff's seizure disorder at length, and substantial evidence supports the ALJ's conclusion that Plaintiff's seizures were not severe. R. at 16-19. The record shows Plaintiff had no seizures from July 2008 through at least July 2009, and her physicians reported her seizures were controlled with medication. R. at 354, 606, 608-10, 627, 644. An impairment that can be controlled with medication is not disabling. *Brown*, 611 F.3d at 955.

Accordingly, the Court finds substantial evidence supports the ALJ's conclusions that Plaintiff's mental impairments and seizures were intermittent, controlled by medication, and not severe for the required twelve months. 20 C.F.R. §§ 404.1520a(d)(1), 404.1521(a), 416.920a(d)(1), 416.921(a).

## B. The ALJ erred in giving the non-physician state medical consultant's opinion weight, but this error is harmless.

Plaintiff argues the ALJ erred by giving weight to the non-physician medical consultant's opinion that she had no physical limitations in her RFC other than to avoid exposure to heights and hazards. She contends this is an error of law which "requires" remand. She also notes "[t]he Eighth Circuit has remanded cases where the ALJ inadvertently weighed lay opinions as if they were medical opinions" and cites *Dewey v. Astrue* in support. 509 F.3d 447, 449 (8th Cir. 2007).

In response, the Commissioner acknowledges that the state agency disability examiner, Karen Dryden, was not a physician and that her RFC assessment was not entitled to any weight,

thus the ALJ erred in giving it "probative weight as expert opinion evidence." R. at 18. Any error was harmless, however, because the ALJ's decision was supported by substantial evidence.

The Court agrees. Although the ALJ was obviously incorrect about Dryden's credentials, the error is harmless because his decision is supported by substantial objective medical evidence in the record. During her alleged period of disability, Plaintiff's doctors consistently reported that she was *physically* "normal;" that is, she walked normally, had normal motor and neurological function, normal range of motion, normal sensation, normal coordination, and normal reflexes. R. at 251, 264, 289, 302, 335-36, 338-39, 391, 435-37, 446-48, 450, 463-66, 473, 608-10, 613. Plaintiff herself reported that she worked out by riding an exercise bike for thirty minutes, walking, and performing abdominal exercises. R. at 356.

Although Plaintiff is correct that this case is similar to *Dewey* in that the ALJ mistakenly believed the state medical consultant was a physician, the similarity ends there. In *Dewey*, the ALJ's error was not harmless because at the same time the ALJ gave weight to the consultant's opinion, she refused to give controlling weight to a treating physician's opinion, an opinion which supported awarding benefits. Thus in *Dewey*, the court of appeals could not find that the ALJ would have reached the same result had he understood that the consultant was not a physician. *Dewey*, 509 F.3d at 449-50. In the present case, Plaintiff has not alleged any that she has any physical impairments, nor is there any evidence in the record that she suffers from any physical impairments. Thus there is no reason to believe that the ALJ would have reached a different conclusion had he realized the medical consultant was not a physician. *See Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008) (holding an ALJ's error is harmless where there is no indication that the ALJ would have reached a different decision but for the mistake). Accordingly, the ALJ's error on this point is harmless.

7

### C. The ALJ properly assessed Plaintiff's credibility.

Finally, Plaintiff disputes the ALJ's finding that her allegations about her seizure disorder were not credible. As a threshold matter, credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including medical records; statements from the plaintiff and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. 20 C.F.R. § 404.1529; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When the ALJ articulates the inconsistencies that undermine the claimant's subjective complaints and those inconsistencies are supported by the record, the ALJ's credibility determination should be affirmed. *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004).

In the present case, substantial evidence supports the ALJ's determination that Plaintiff's allegations regarding her seizure disorder were not credible. Plaintiff testified that she had approximately seven grand mal seizures and numerous pseudoseizures in 2009, and she submitted a seizure log that reported her suffering four grand mal seizures and thirteen other seizures between January and July 2009. R. at 48-53, 197-204. However, Plaintiff told Dr. Spurlock, Dr. Thornton, and Mr. Dipoto that she had no seizures during that period, and that her seizures had "resolved." R. at 354, 606, 608-10, 627, 644. The ALJ may discredit a claimant's subjective complaints if the evidence is inconsistent with the claimant's statements. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

Plaintiff argues the discrepancy between her testimony and the seizure log should be discounted because the log was maintained by her mother and because part of Plaintiff's mental

8

impairment is that she has a bad memory. But Plaintiff testified at her hearing that the log reflected the frequency of her seizures, R. at 48-49, and her attorney submitted it as evidence of her alleged disability. R. at 195. Thus, the log was properly part of the record, and the ALJ did not err in partially basing his credibility determination on it. Moreover, Plaintiff consistently made inconsistent reports regarding her allegedly disabling seizures. In May of 2008, Plaintiff reported that she had two or three significant seizures a week. R. at 393, 398. However, the following month Plaintiff told Mr. Dipoto that her seizures did not have a substantial impact on her life. R. at 637. Dr. Spurlock also noted that Plaintiff was reporting inconsistent symptoms to him. In fact, he was concerned that she was engaging in drug-seeking behavior. R. at 354, 627. An ALJ may discount a claimant's credibility when the evidence suggests she was exaggerating her symptoms. *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006). Consequently, substantial evidence on the record supports the ALJ's credibility determination.

The Court also notes the ALJ articulated and discussed these inconsistencies in his opinion. R. at 16-18. Accordingly, the ALJ's credibility determination must be affirmed.

## Conclusion

After careful examination of the record as a whole, the Court finds the ALJ's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 21, 2012                    /s/ Greg Kays
                                                                      GREG KAYS, JUDGE
                                                                      UNITED STATES DISTRICT COURT